**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000415
16-MAY-2024
08:13 AM
Dkt. 43 SO**

NO. CAAP-23-0000415


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


ELIZABETH DAILEY AND MICHAEL DAILEY, Appellants-Appellants,
v.
DEPARTMENT OF LAND AND NATURAL RESOURCES;
BOARD OF LAND AND NATURAL RESOURCES,
Appellees-Appellees


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1CCV-22-0000828)


SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, Nakasone and McCullen, JJ.)

This secondary agency appeal arises out of an alleged unauthorized seawall located on the seaward side of a Mokulēʻia ocean-front residence owned by Appellants-Appellants Elizabeth Dailey (**Elizabeth**) and her son, Michael Dailey (**Michael**) (collectively, the **Daileys**),[1] which was brought before Appellee-

---

[1] On November 17, 2023, after the Daileys filed their Opening Brief, Michael filed a "Suggestion of Death of Elizabeth Dailey" (**Suggestion of Death**) stating that Elizabeth died "on or about May 3, 2023," and requesting "that the appeal may proceed in [Michael's] name, as the remaining Appellant."

Appellee the Board of Land and Natural Resources (**BLNR**) for enforcement under conservation district laws.  The issue before us is whether dismissal of the Daileys' agency appeal for lack of jurisdiction was proper.

The Daileys appeal from the May 5, 2023 "Findings of Fact [(**FOFs**)], Conclusions of Law [(**COLs**)], and Order Granting [BLNR's] Motion to Dismiss Appeal" (**Dismissal Order**) and the June 6, 2023 Final Judgment, filed and entered by the Circuit Court of the First Circuit (**Environmental Court**).[2]

On appeal, the Daileys contend that the Environmental Court erred: (1) "in its interpretation and application" of Hawaii Revised Statutes (**HRS**) § 183C-9[3] "when it granted [BLNR]'s

---

[2]     The Honorable Jeffrey P. Crabtree presided.

[3]     HRS Chapter 183C contains laws pertaining to the "Conservation District," which encompasses "State marine waters seaward of the shoreline . . . ."  Umberger v. Dep't of Land & Nat. Res., 140 Hawai'i 500, 522, 403 P.3d 277, 299 (2017).  HRS § 183C-9 (2011 & 2016 Supp.), entitled "Contested cases," sets forth the right to appeal a contested case under the chapter "directly to the supreme court" as follows:

> (a) Chapter 91 shall apply to every contested case arising under this chapter except where chapter 91 conflicts with this chapter, in which case this chapter shall apply. Any other law to the contrary notwithstanding, including chapter 91, <u>any contested case under this chapter shall be appealed</u> from a final decision and order or a preliminary ruling that is of the nature defined by section 91-14(a) upon the record <u>directly to the supreme court for final decision, except for those appeals heard pursuant to this chapter arising in whole or in part from part III of chapter 205A</u> . . . .

> (b) The court shall give priority to contested case appeals of significant statewide importance over all other civil or administrative appeals or matters and shall decide these appeals as expeditiously as possible.

(Emphases added.)  HRS § 183C-9 excepts "appeals heard pursuant to this chapter arising in whole or in part from part III of chapter 205A . . . ."

motion to dismiss," challenging COLs 42-47, 49; and (2) in applying HRS § 183C-9(a) "without exception" and "refus[ing] to transfer the appeal to the Hawaii Supreme Court," challenging COLs 50-51.[4]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we affirm.

The Daileys' seawall, originally constructed in the "mid-to-late 1960s to 1970" to protect their "land and home from high surf damage and beach erosion[,]" rebuilt in "2005/2006" through "2006/2007" "without any approvals or permits" following 2005 damage to the seawall from the winter swell, generated substantial activity and litigation with Appellee-Appellee Department of Land and Natural Resources, Office of Conservation and Coastal Lands (**DLNR**). See FOFs 2-17.[5]

The current appeal arises out of BLNR's June 16, 2022 "Findings of Fact, Conclusions of Law, and Decision and Order" (**BLNR 2022 Decision**), issued following a September 27, 2021 contested case hearing conducted on remand. The BLNR 2022 Decision found that the Daileys violated HRS §§ 183C-4(b),[6] and

---

HRS Chapter 205A deals with "Coastal Zone Management," and Part III of the chapter deals with "Shoreline Setbacks."

[4]     The Daileys' first two points of error (**POEs**) are consolidated, as both challenge the propriety of the dismissal.

The Daileys' POEs do not indicate whether and how they preserved the alleged errors. See Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(4)(iii)(requiring each point to include "where in the record . . . the alleged error was brought to the attention of the court").

[5]     Unchallenged FOFs are binding. Okada Trucking Co., Ltd. v. Bd. of Water Supply, 97 Hawaiʻi 450, 459, 40 P.3d 73, 82 (2002).

[6]     HRS § 183C-4(b) (2011 & 2016 Supp.), entitled "Zoning; amendments," states in pertinent part: "No use except a nonconforming use as

various rules within the Hawai'i Administrative Rules (**HAR**) Chapter 13-5,[7] by "demolishing a nonconforming[8] rock pile and reconstructing it into an unauthorized and unpermitted seawall in the Conservation District on or about December of 2006 through February of 2007.  The seawall and remnants of the rock pile have persisted as a continuing violation since those dates."  (Footnote added.)

On July 15, 2022, the Daileys appealed the BLNR 2022 Decision to the Environmental Court.

On November 28, 2022, BLNR filed a Motion to Dismiss, which DLNR joined.  BLNR and DLNR argued that the Environmental Court lacked "subject matter jurisdiction" because HRS § 183C-9 required "a chapter 91 appeal of conservation district matters under HRS chapter 183C" to be appealed directly to the Hawai'i Supreme Court.  The Daileys opposed dismissal.

Following a February 8, 2023 hearing, the Environmental Court issued a written ruling granting BLNR's Motion to Dismiss, and subsequently filed the May 5, 2023 Dismissal Order that is the subject of this appeal.

The Environmental Court framed the issue before it as "whether this appeal should have been filed straight to the Hawaii Supreme Court" under HRS § 183C-9, and noted that the

---

defined in section 183C-5, shall be made within the conservation district unless the use is in accordance with a zoning rule."

[7]     HAR Chapter 13-5 consists of "rules regarding the regulation of conservation district lands" authorized by HRS Chapter 183C.  Pila'a 400, LLC v. Bd. of Land & Nat. Res., 132 Hawai'i 247, 265, 320 P.3d 912, 930 (2014).

[8]     In the BLNR 2022 Decision, BLNR defined a "nonconforming structure" as one that "can be legally [] repaired in some circumstances, without permits."

Daileys had relied on the prior version of HRS § 183C-8[9] permitting appeals to the circuit court to establish jurisdiction. FOF 22, COL 40. The May 5, 2023 Dismissal Order stated:

> **II. FINDINGS OF FACT**
>
> . . . .
>
> 19. The [Daileys]' Notice of Appeal and Statement of the Case was filed as an agency appeal in the Circuit Court of the First Circuit on July 15, 2022 under 1CCV-22-0000828. Dkt. 1, JEFS 1, 3.
>
> 20. [The Daileys]' Notice of Appeal cites Haw. Rev. Stat. §§ 91-14 and 183C-8, and Haw. R. Civ. P. [Rule] 72. *Id*.
>
> 21. The Jurisdiction section in [the Daileys]' Statement of the Case cites Haw. Rev. Stat. §§ 91-14 and 183C-8. *Id*., 2-3.
>
> 22. For appellate jurisdiction, [the Daileys]' Statement of the Case erroneously cites an older version (i.e., the 1994 version as the 2014 amendment refers to the circuit environmental court) of Haw. Rev. Stat. § 183C-8 stating as follows:
>
>> Haw. Rev. Stat. § 183C-8, which provides that "Any final order of the department based upon this chapter may be appealed to the circuit court of the circuit in which the land in question is found. The appeal shall be in accord with chapter 91 and the Hawaii rules of civil procedure."
>
> *Id*., p. 3.
>
> 23. Haw. Rev. Stat. § 183C-8 was amended by Act 48 in 2016,[10] and by Act 213 in 2019. Haw. Rev. Stat. § 183C-9 was

---

[9]    The prior version of HRS § 183C-8 (2011), upon which the Daileys relied to establish jurisdiction, provides: "<u>Any final order of the department based upon this chapter may be appealed to the circuit court</u> of the circuit in which the land in question is found. The appeal shall be in accord with chapter 91 and the Hawaii rules of civil procedure." (Emphasis added.)

[10]    "In 2016, the legislature adopted Act 48 'to provide for the expedited judicial review of certain contested case proceedings.'" <u>Cmty. Ass'ns. of Hualalai, Inc. v. Leeward Planning Comm'n</u>, 150 Hawaiʻi 241, 245 n.3, 500 P.3d 426, 430 n.3 (2021) (quoting Conf. Comm. Rep. No. 67-16, in 2016 House Journal, at 1363, 2016 Senate Journal, at 789). Prior to the enactment of Act 48, "[a]ny final order of [DLNR] based upon" HRS Chapter

promulgated by the same Act 48 in 2016, and also amended by Act 213 in 2019.

24. On October 17, 2022, [the Daileys] filed their Opening Brief. Dkt. 53.

25. [The Daileys]' Opening Brief addresses in the statement of material facts, a "jurisdictional split" between the City and County of Honolulu ("City") and DLNR which occurs at the "shoreline", [sic] and states that land mauka of the shoreline up to the 40' shoreline setback line is the shoreline area within the jurisdiction of the City, while land makai of the shoreline is within the conservation district resource subzone within the jurisdiction of DLNR. Dkt. 53, 3-4.

26. [The Daileys]' Opening Brief cites Haw. Rev. Stat. § 91-14(g) in the standard of review (Dkt. 53, JEFS 21) but does not otherwise address appellate jurisdiction for the appeal of the contested case, and does not reference Haw. Rev. Stat. § 183C-9. Dkt. 53, p. 16.

. . . .

**III. CONCLUSIONS OF LAW**

. . . .

37. The Legislature amended Haw. Rev. Stat. § 183C-8 by Act 48 of 2016 S.L.H., adding the phrase, "[E]xcept as otherwise provided in this chapter" and in the same act promulgated Haw. Rev. Stat. § 183C-9.

38. Haw. Rev. Stat. § 183C-9 divests the circuit courts of jurisdiction for appeals of contested case hearings arising under chapter 183C by providing for a mandatory appeal:

> Any other law to the contrary notwithstanding, including chapter 91, any contested case under this chapter shall be appealed from a final decision and order of the nature defined in section 91-14(a) upon the record directly to the supreme court for final decision, except

183C could "be appealed to the circuit environmental court of the circuit in which the land in question [was] found." HRS § 183C-8 (2011 & Supp. 2014). Act 48 added the new section at issue here, HRS § 183C-9, which provides in subsection (a) that "any contested case under this chapter shall be appealed . . . directly to the supreme court for final decision, except for those appeals heard pursuant to this chapter arising in whole or in part from part III of chapter 205A . . . ." Act 48 also amended HRS § 183C-8 to provide for the appeal of final orders to the environmental court "[e]xcept as otherwise provided in this chapter"--i.e., except as provided in the newly promulgated HRS § 183C-9. 2016 Haw. Sess. Laws Act 48, § 7 at 79.

> for those appeals heard pursuant to this chapter arising in whole or in part from part III of chapter 205A or arising in whole or in part from chapter 115.
>
> 39. The 2016 amendment to Haw. Rev. Stat. § 183C-8 provides for an exception to an appeal of a contested case to the Environmental Court of the circuit court, which read together with § 183C-9, requires the appeal to be made directly to the Hawaii Supreme Court.
>
> 40. The central question in the motion is whether this appeal should have been filed straight to the Hawaii Supreme Court.
>
> 41. Movants/BLNR say "yes" because this appeal of the contested case hearing is a Haw. Rev. Stat. chapter 91 appeal of *conservation district* matters under Haw. Rev. Stat. chapter 183C.

(Footnote added.)  The Environmental Court concluded in the challenged COLs 42-47, and 49-51 that HRS § 183C-9 was applicable to this Chapter 183C conservation district appeal; that HRS § 183C-9 required direct appeal to the supreme court; that the exception in HRS § 183C-9 for HRS Chapter 205A "Shoreline Setback" matters did not apply; and that no authority permitted the Environmental Court to "transfer this appeal directly to the Hawaii Supreme Court," as follows:

> 42. The only applicable exception to a direct appeal to the Hawaii Supreme Court is found in Haw. Rev. Stat. § 183C-9. The section speaks to *appeals* (not "cases") arising in whole or in part from part III of Haw. Rev. Stat. chapter 205A ("Shoreline setbacks").
>
> 43. The issue then is whether this appeal arises from a BLNR decision on shoreline setback.
>
> 44. This appeal of the BLNR's 6/16/22 decision is not an appeal of a shoreline setback determination made in the contested case hearing.
>
> 45. The BLNR 6/16/22 decision addressed whether [the Daileys]' seawall was a nonconforming use in the *conservation* district (i.e., makai of the shoreline).  It was not a *shoreline setback* determination (dealing with the mauka side of the seawall).

46. Shoreline determinations arose in the factually-related but prior and separate proceedings. Those claims were dismissed and/or not appealed or remanded and so were not part of the instant contested case hearing. *See* Motion (Dkt. 59) at note 5 for specifics.

47. The Notice of Appeal in this case refers to error under Haw. Rev. Stat. § 91-14 and Haw. Rev. Stat. chapter 183C ("Conservation district"). The appeal is framed as an appeal from a contested case enforcement proceeding involving *conservation* lands/district. Again, conservation district appeals go directly to the Hawaii Supreme Court unless an exception to Haw. Rev. Stat. § 183C-9 is met. As discussed above, the order appealed from as involved did not arise from a shoreline setback determination.

. . . .

49. Under the applicable standards of review, [the Daileys] did not affirmatively establish jurisdiction by their appellate filings.

50. [The Daileys] request that if the court intends to grant the motion to dismiss, that the court transfer this appeal directly to the Hawaii Supreme Court. The court is not aware of any rule or case law that allows this.

51. The Legislature changed the law to expressly allow for direct appeals to our Supreme Court. The court does not believe it has the inherent authority to transfer the appeal under its supervisory powers. *See Amantiad v. Odum*, 90 Hawaii 152, 160, 977 P.2d 160, 168 (1999).

Accordingly, the Environmental Court dismissed the Daileys' appeal for lack of jurisdiction and issued Final Judgment, from which the Daileys timely appealed.

> **COLs 42-47, 49, and dismissal of the Daileys' appeal for lack of jurisdiction were not erroneous.**

In support of their contention that the Environmental Court erroneously interpreted and applied HRS § 183C-9 to conclude it lacked jurisdiction, the Daileys argue that (1) HRS § 183C-9 did not apply based on certain terms and phrases used in the statute; (2) the "shoreline setback" exception in HRS § 183C-9 applied to them because the case arose in part out of

HRS Chapter 205A part III pertaining to shoreline setbacks; and (3) HRS § 183C-9 was improperly retroactively applied to them. These arguments lack merit.

First, the Daileys argue that the exception to the supreme court direct appeal requirement in HRS § 183C-9, which state "except for those appeals" arising in part from Chapter 205A--should apply to "any contested case under this chapter" rather than "narrowly on 'appeals' arising from Chapter 205A[.]" The Daileys also argue that the language of HRS § 183C-9(b) instructing the supreme court to "give priority to contested case appeals of significant statewide importance" shows that the Environmental Court "erred in applying HRS § 183C-9 to the Daileys' appeal because this is not a case of statewide importance." These arguments are contrary to the plain language of HRS § 183C-9(a) and (b) and are unpersuasive. See Barker v. Young, 153 Hawaiʻi 144, 148, 528 P.3d 217, 221 (2023) (citation omitted) ("[W]here the statutory language is plain and unambiguous, our sole duty is to give effect to its plain and obvious meaning.") (citation omitted); Trs. of Estate of Bishop v. Au, 146 Hawaiʻi 272, 280, 463 P.3d 929, 937 (2020) ("When the legislature uses different words in a statute, . . . the different words are presumed to have different meanings." (citation omitted)). Further, the Daileys' arguments are inconsistent with their own submissions before the Environmental Court, in which the Daileys never disputed that their contested case arose under HRS Chapter 183C. The BLNR 2022 Decision concluded that the Daileys violated HRS § 183C-4(b), and the Daileys' Notice of Appeal and Statement of the Case to the Environmental Court cited HRS §§ 91-14 and 183C-8 for jurisdiction. FOFs 20, 21. We conclude the Environmental Court

9

did not err in its interpretation and application of HRS § 183C-9 to this case, where the Daileys appealed from a final decision and order in a contested case under HRS Chapter 183C. See Lambert v. Waha, 137 Hawaiʻi 423, 431, 375 P.3d 202, 210 (2016) ("Conclusions of law are reviewed *de novo*, under the right/wrong standard of review." (citations omitted)).

Second, the Daileys argue that the Environmental Court erred in not applying the "shoreline setback" exception in HRS § 183C-9 to them "because the case arose in part from part III of HRS Chapter 205A." The Daileys assert that "the facts underlying the years-long contested case process arose, at least in part, out of part III of HRS Ch. 205A, pertaining to shoreline setbacks[.]"

Here, the record reflects that the seawall was makai of the shoreline, which is within the conservation district under HRS Chapter 183C. See Umberger, 140 Hawaiʻi at 521-22, 403 P.3d at 298-99 (explaining that all land makai of the shoreline is within the state conservation district.). The Daileys submitted a shoreline map to DLNR in 2005 "show[ing] all, or almost all, of the rock pile *makai* of the shoreline." The BLNR 2022 Decision described the Daileys' revetment as "an unauthorized and unpermitted seawall in the Conservation District . . . ." (Emphasis added.) While the procedural history indicates that the Daileys had previously applied for and were granted a shoreline setback variance (**SSV**) in 2010, the BLNR 2022 Decision did not pertain to any SSV or any other shoreline setback statute under Part III of HRS Chapter 205A. The Environmental Court correctly concluded in its COLs that the HRS Chapter 205A shoreline setback exception in HRS § 183C-9 did not apply. See Lambert, 137 Hawaiʻi at 431, 375 P.3d at 210.

10

Third, the Daileys argue that the Environmental Court erred in retroactively applying HRS § 183C-9. DLNR argues that the supreme court "rejected essentially the same argument" in State of Haw. Org. of Police Officers v. City & Cnty. of Honolulu, 149 Hawaiʻi 492, 514, 494 P.3d 1225, 1247 (**SHOPO**) (2021) (holding that applying Act 47, a newly-enacted statute, to a dispute that arose before the statute was enacted did not constitute retroactive application).

In SHOPO, the supreme court held that "'a statute does not operate retroactively merely because it relates to antecedent events, or because part of the requisites of its action is drawn from time antecedent to its passing, but is retroactive only when it is applied to rights acquired prior to its enactment.'" Id. at 513, 494 P.3d at 1246 (citation omitted). Here, Act 48 was not retroactively applied where the Daileys did not acquire the right to appeal the 2022 BLNR Decision "prior to [the] enactment" of Act 48 in 2016. Id. (citation omitted). The Environmental Court in its COLs correctly applied HRS § 183C-9, the applicable law after the enactment of Act 48 in 2016. See Lambert, 137 Hawaiʻi at 431, 375 P.3d at 210.

We conclude that COLs 42-47, 49, and dismissal of the Daileys' appeal for lack of jurisdiction were not erroneous. See Makila Land Co., LLC v. Kapu, 152 Hawaiʻi 112, 119, 522 P.3d 259, 266 (2022) ("The existence of jurisdiction is a question of law that is reviewed de novo under the right/wrong standard." (citation omitted)).

11

**COLS 50 and 51, and denial of the Daileys'
request to transfer their appeal to the Hawai'i
Supreme Court were not erroneous.**

The Daileys argue that the Environmental Court's "erroneous assertion that it is unaware of any rule or case law allowing a transfer to the Supreme Court fundamentally misinterprets its inherent powers." DLNR responds that there is no "rule or case law that would have allowed the trial-level [Environmental] Court to order the State's highest court to hear an appeal over which the [Environmental] Court itself had no jurisdiction."

Under HRS § 603-21.9(1) and (6), Hawai'i circuit courts have the power "[t]o make and issue all orders and writs necessary or appropriate in aid of their original or appellate jurisdiction" and

> [t]o make and award such judgments, decrees, orders, and mandates, issue such executions and other processes, and do such other acts and take such other steps as may be necessary to carry into full effect the powers which are or shall be given to them by law or for the promotion of justice in matters pending before them.

HRS § 603-21.9(1) & (6) (2016). "The right to appeal is purely statutory and exists only when jurisdiction is given by some constitutional or statutory provision." Matter of Kanahele, 152 Hawai'i 501, 510, 526 P.3d 478, 487 (2023) (citation omitted).

Here, while the Environmental Court had the power "[t]o make and issue all orders and writs necessary or appropriate in aid of their . . . jurisdiction" and to "take such other steps as may be necessary to carry into full effect the powers which are or shall be given to [it] by law or for the promotion of justice in matters pending before [it,]" there is no "constitutional or statutory provision" that allows the Environmental Court to transfer an appeal such as this one to

12

the supreme court.  HRS § 603-21.9(1) & (6); <u>Kanahele</u>, 152 Hawaiʻi at 510, 526 P.3d at 487.  Thus, the Environmental Court did not err in its COLs denying the direct transfer request, where no authority supported such.  <u>See</u> <u>Lambert</u>, 137 Hawaiʻi at 431, 375 P.3d at 210.

For the foregoing reasons, the May 5, 2023 "Findings of Fact, Conclusions of Law, and Order Granting Appellee Board of Land and Natural Resources' Motion to Dismiss Appeal" and the June 6, 2023 "Final Judgment," both filed and entered by the Circuit Court of the First Circuit are affirmed.

DATED:  Honolulu, Hawaiʻi, May 16, 2024.

On the briefs:

Gregory W. Kugle,
David H. Abitbol,
for Appellants-Appellants.

Thomas J. Hughes,
Deputy Solicitor General
for Appellee-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge